10-505-ag
Chen v. Holder

BIA
Lamb, IJ
A099 662 056

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of April, two thousand eleven.

PRESENT:
>
> REENA RAGGI,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

GUI MEI CHEN,

     *Petitioner,*

     v.                10-505-ag
                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL

     *Respondent.*

_____

FOR PETITIONERS:  Ramesh J. Shrestha, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and GRANTED, in part.

Petitioner Gui Mei Chen, a native and citizen of China, seeks review of a January 15, 2010, order of the BIA affirming the March 4, 2008, decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gui Mei Chen*, No. A099 662 056 (B.I.A. Jan. 15, 2010), *aff'g* No. A099 662 056 (Immig. Ct. N.Y. City Mar. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.  Forced Sterilization**

Chen's argument that the BIA erred in finding that she

2

failed to establish a well-founded fear of future persecution based on the births of her two children is foreclosed by this Court's decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). Contrary to Chen's argument, the record does not compellingly suggest that the agency ignored any material evidence that she submitted in support of her application. *See id.* at 169; *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n.17 (2d Cir. 2006). Indeed, the BIA explicitly noted that it "ha[d] considered the documentation [she] had submitted to prove that the regulations of her locality are more coercive than those of the national government."

Because China's family planning policy varies depending on locality, the burden is on the applicant to establish that she would personally suffer persecution on account of her violation of the policy. *Jian Hui Shao*, 546 F.3d at 159-62. The BIA reasonably found that Chen did not establish an objectively reasonable fear of persecution because she did not meet this burden. While Chen argues that evidence of general conditions in China establishes that she faces sterilization, the agency reasonably determined that this evidence did not suffice to show that

3

she faces future persecution in her locality. *See id.* at 159-65 (noting great variation in the implementation of China's family planning policy between localities). The agency also reasonably found that the affidavits Chen submitted, were not probative because they did not detail the forced sterilizations of similarly situated individuals as none of the individuals had returned to China with United States born children or been forcibly sterilized after giving birth to only two children. *Id.* at 160-61.

Although Chen testified that she was warned by family planning officials that if she had another child she (or her husband) would be sterilized, the warning did not demonstrate that her fear of future persecution was objectively reasonable because the family planning officials did not indicate that the mandatory sterilization would be performed by force if Chen refused to submit herself voluntarily. *See id.* at 172. Thus, the agency's determination that Chen did not establish her eligibility for asylum based on her fear of sterilization is supported by substantial evidence. Accordingly, the petition is denied with respect to this claim.

4

## II. Forcible IUD Insertion

However, the agency's determination that Chen did not establish that she suffered past persecution based on the forcible insertion of an intrauterine device ("IUD"), is remanded in light of our decision in *Mei Fun Wong v. Holder*, Dkt. No. 08-5328-ag (2d Cir Feb. 1, 2011).

To establish past persecution based on the forcible insertion of an IUD, an asylum applicant must establish that: (1) the IUD was inserted because of her resistance to a family planning policy, or another protected ground, rather than as a routine part of the population control program; and (2) there were "aggravating circumstances." *Xia Fan Huang v. Holder*, 591 F.3d 124, 128-30 (2d Cir. 2010) (according *Chevron* deference to the BIA's decision in *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633 (BIA 2008)).

In *Mei Fun Wong*, we remanded for the agency to articulate standards for determining whether an asylum applicant has established aggravating circumstances and to clarify how it determines whether the applicant was subjected to the forcible insertion of an IUD on account of their resistance to China's family planning policy, or other protected grounds. Slip op. at 24-34.

5

For the reasons discussed in *Mei Fun Wong*, we cannot evaluate the BIA's determination that Chen did not establish that she suffered past persecution when she was subjected to the forcible insertion of an IUD. *See id.* at 24-34. The BIA has yet to clarify whether it "categorically concludes that nexus cannot be established by evidence that a person who resisted a population control policy was compelled to submit to a practice, such as IUD insertion, routinely performed in furtherance of that policy." *Id.* at 32. And it has not yet addressed whether "aggravating circumstances designed to compel submission . . . [can] demonstrate the requisite nexus between that persecution and an applicant's opposition to the state's population control policy." *Id.* at 33.

Moreover, Chen asserts that she established aggravating circumstances based on the cumulative harm she suffered. While the agency found that this mistreatment did not constitute aggravating circumstances, "we cannot review the Board's decision that [her mistreatment did not constitute aggravating circumstances] without a clearer understanding of how [the BIA] weighed the [IUD insertion] itself consistent with its obligation to consider all alleged harms

6

cumulatively." *Id.* at 27.

Thus, we remand this case to the BIA for further proceedings in light of *Mei Fun Wong v. Holder*, Dkt. No. 08-5328-ag. Because we remand this case on other grounds, we do not now address the agency's determination that Chen failed to establish a subjective fear of future persecution based on her daughter's return visit to China.

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part, the order of removal is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk